PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Antel Cordell Clark, et al. v. Ford Motor Credit Company, et al. |
| Case Number: | 03-01381 |

## Document Information

| | |
|---|---|
| Description: | Order Granting in Part, Denying in Part [8-1] Motion To Dismiss Adversary as to Lawrence P. Zamzok by Lawrence P. Zamzok. |
| Received on: | 2004-04-08 10:40:43.000 |
| Date Filed: | 2004-04-08 00:00:00.000 |
| Date Entered On Docket: | 2004-04-09 00:00:00.000 |

## Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: ANTEL CORDELL CLARK and  No. 7-03-15342 MA
CARMELITA CLARK,

    Debtors.
_____

ANTEL CORDELL CLARK and
CARMELITA CLARK,

    Plaintiffs,

v.  Adversary No. 03-1381 M

FORD MOTOR CREDIT COMPANY and
LAW OFFICES OF ALLAN L. WAINWRIGHT,
and LAWRENCE P. ZAMZOK,

    Defendants.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS BY LAWRENCE P. ZAMZOK

THIS MATTER is before the Court on the Motion to Dismiss by Lawrence P. Zamzok ("Motion to Dismiss'), filed by the Law Offices of Allan L. Wainwright, P.A. (Allan L. Wainwright) on behalf of Defendant Lawrence P. Zamzok. The Court held a final hearing on the Motion to Dismiss on March 17, 2004, at which time the Court took the matter under advisement. Plaintiffs are representing themselves in this adversary proceeding, *pro se*. After careful review of the Complaint and the Motion to Dismiss, the Court finds that Plaintiffs have stated a cause of action against Defendant Lawrence P. Zamzok for violation of the automatic stay under 11 U.S.C. § 362(h) sufficient to withstand a motion to dismiss, but that all other alleged causes of action against Lawrence P. Zamzok raised in the Complaint must be dismissed. In reaching this conclusion, the Court FINDS:

1. The Motion to Dismiss asserts that the Complaint against Lawrence P. Zamzok should be dismissed pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P., incorporated into the Federal Rules of Bankruptcy Procedure pursuant to Rule 7012, Fed.R.Bankr.P.

2. Motions to dismiss under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted can only be granted when it appears that proof of the alleged facts contained in the complaint would not entitle plaintiff to relief. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir. 1984).

3. In considering the sufficiency of a plaintiff's complaint in the face of a motion to dismiss for failure to state a claim, the Court must accept as if they were true all well pleaded facts, and draw all reasonable inferences therefrom in favor of plaintiff. *Id.*

4. Plaintiffs' Complaint alleges that, subsequent to the date the Plaintiffs filed their petition for bankruptcy, Lawrence P. Zamzok sent a letter a letter to Plaintiffs demanding payment of a debt. *See* Complaint, ¶ 9.

5. Actions for violation of the automatic stay are governed by 11 U.S.C. § 362(h), which provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

6. A willful violation of the stay under 11 U.S.C. § 362(h) does not require a showing that a creditor intended to violate the automatic stay, but rather, that an intentional act was taken with knowledge that the automatic stay was in place. *See In re Gagliardi,* 290 B.R. 808, 818 (Bankr.

D.Colo. 2003) ("Violations are 'willful' if the party knew of the automatic stay and intended to take the actions that violated the stay.").

7. A creditor and its attorney may be held jointly and severally liable for willful violation of the automatic stay under 11 U.S.C. § 362(h). *In re Johnson,* 253 B.R. 857, 861 (Bankr. E.D.Ohio 2000) ("Courts have imposed joint and several liability against creditors and their counsel for willful stay violations.") (citing *In re Baker,* 183 B.R. 30, 33 (Bankr.D.R.I. 1995); *In re Stainton,* 139 B.R. 232, 234 (9th Cir. BAP 1992); and *In re Zick,* 123 B.R. 825, 828 (Bankr. E.D.Wis. 1990)).

8. Defendant Zamzok asserts that the cause of action for willful violation of the automatic stay must be dismissed because Plaintiffs have failed to allege any actual damages. Defendant also points out that since Plaintiffs do not have counsel, they did not incur any attorneys' fees which they might recover under 11 U.S.C. § 362(h). Plaintiffs bear the burden of proving damages for willful violation of the automatic stay under 11 U.S.C. § 362(h). *Gagliardi,* 290 B.R. at 819 ("The Debtors bear the burden of proving actual damages with reasonable certainty.") (citations omitted). Section § 362(h) also provides for recovery of "costs . . . and, in appropriate circumstances, . . . punitive damages." 11 U.S.C. § 362(h). Plaintiffs' Complaint, which alleges that Defendant Zamzok sent a demand letter subsequent to the date the Plaintiffs' filed their petition for bankruptcy and requests damages in the amount of $10,000 sufficiently states a cause of action under 11 U.S.C. § 362(h) to withstand a motion to dismiss under Rule 12(b)(6). *See Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996) ("If the plaintiff proceeds *pro se,* the court should construe his [or her] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers.") (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

3

9. Plaintiffs' Complaint also asserts causes of action against Defendant Zamzok for "'conspiracy against citizens rights', 'negligence per se' and 'prima facie negligence' (with the intent to continue to intentionally frustrate, aggravate, provoke to cause a reaction via Lawrence P. Zamzok 'prima facie negligence' etc. while demanding payment while debtors are under the protection of the bankruptcy court." *See* Complaint, p. 2.

10. There is no civil cause of action for "conspiracy against citizens' rights," which is limited to violations of constitutional rights, and is not a cause of action arising under the Bankruptcy Code. *See Herndon by Herndon v. Chapel Hill-Carrboro City Bd. of Educ.,* 89 F.3d 174, 181 (4th Cir. 1996) ("[18 U.S.C. §] 241 *criminalizes* conspiracy against citizens' rights, and applies only to 'rights established by the Federal Constitution or laws and by decisions interpreting them'")(quoting *United States v. Kozminski,* 487 U.S. 931, 941 and 944, 108 S.Ct. 2751, 2759 and 2760-61, 101 L.Ed.2d 788 (1988) (emphasis added).

11. Rule 12(b)(1), Fed.R.Civ.P., incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7012, Fed.R.Bankr.P., provides that a cause of action can be dismissed upon motion for "lack of jurisdiction over the subject matter." Rule 12(b)(1), Fed.R.Civ.P.

12. "Conspiracy against citizens rights", "negligence per se" and "prima facie negligence" are non-core matters over which this Court lacks jurisdiction to adjudicate. *See Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) (holding that core proceedings are those which have no existence outside the bankruptcy). None of these alleged causes of action depend upon the bankruptcy laws for their existence, nor would the outcome of these causes of action

4

have any affect on the Plaintiffs' bankruptcy estate[1]; therefore, the Court lacks subject matter jurisdiction over these causes of action. *Id.*; *Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.),* 219 B.R. 363, 370 (Bankr.S.D.N.Y. 1998) (state law cause of action for negligence was not a "core" proceeding); *Johnson v. Hickel,* 28 N.M. 349, 212 P. 338 (1923) (prima facie negligence is a state law cause of action based on a knowing violation of a statute that results in injury); *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (court has "related to" jurisdiction only when the outcome "could conceivably have any effect on the estate being administered in bankruptcy.");

WHEREFORE, based on the foregoing, IT IS HEREBY ORDERED, that the Motion to Dismiss is GRANTED, in part. Plaintiffs' alleged causes of action against Defendant Lawrence P. Zamzok for "conspiracy against citizens rights", "negligence per se" and "prima facie negligence" are DISMISSED.

ORDERED FURTHER, that the Motion to Dismiss is DENIED as to Plaintiffs' cause of action against Defendant Lawrence P. Zamzok for willful violation of the automatic stay.

_____
MARK B. McFEELEY
United States Bankruptcy Court

---

[1] A Report of No Distribution and Abandonment of Assets has been entered in Plaintiffs' bankruptcy proceeding; therefore, any recovery under this adversary proceeding would only benefit Plaintiffs. *See Israel v. Dept. of Treasury, Internal Revenue Service (In re Israel),* 112 B.R. 481, 484 (Bankr.D.Conn. 1990) (concluding that trustee's abandonment of property eliminated any effect the outcome of the adversary proceeding would have on the administration of the bankruptcy estate).

5

I hereby certify that a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered, or mailed to the listed counsel and parties, on the date file-stamped above.

Antel Clark and Carmelita Clark
1218 N. Sixth Street
Soccorro, NM 87801

Allan L. Wainwright
Attorney for Defendant Zamzok
920 Lomas Blvd. NW
Albuquerque, NM 87102

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

6